IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| GERALD E. DUNN, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 325-076 |
| | ) | |
| SHERIFF SIM DAVIDSON, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, currently detained at Telfair County Jail in Milan, Georgia, brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Upon review of the petition, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

**I.   BACKGROUND**

Petitioner states he is a state pretrial detainee but provides no details about his arrest or pending charges. (See generally doc. no. 1.) Publicly available records show Petitioner has a pending criminal case in Telfair County. See State v. Dunn, Case No. 25-PI-003MJ (Telfair Cnty. Sup. Ct. Jan. 30, 2025), available at http://www.telfairclerkofcourt.com/search/mainpage.aspx (click "Criminal Search" hyperlink; then search "25-PI-003MJ") (last visited July 28, 2025), Ex. A attached; see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (explaining court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

According to these records, Petitioner's case was filed in Telfair County Superior Court on January 30, 2025. See Ex. A. Eight days later, attorney Henry Toler filed an entry of appearance and petition for bond. See id. The superior court held a hearing and denied the bond petition by order on February 28, 2025. See id. After the filing of a letter from Real Recovery Outreach Ministry on March 11, 2025, Plaintiff submitted a second petition for bond on June 2, 2025. A letter from Outback Serenity Center was also filed on June 5, 2025. See id. Petitioner also filed a motion for bail on June 16, 2025, and a motion to dismiss and motion to suppress on June 24, 2025. See id.

In his § 2241 petition, Petitioner raises two grounds for relief concerning alleged Due Process violations. (Doc. no. 1, p. 6.) First, Petitioner seeks release on bond, claiming he has been detained without an indictment, preliminary hearing, or a bond for more than 125 days, which is well beyond "the 72 hour [sic] window . . . required by Georgia [law]." (Id.) Furthermore, Petitioner alleges his detention continued after he was accepted into a rehabilitation program despite Petitioner having been told acceptance to such a program would warrant his release. (Id.) Second, Petitioner reports he filed one appeal or challenge to his indictment and ongoing prosecution with the superior court on May 8, 2025, but no such entry appears on the state court docket. (See id. at 2; see also Ex. A.)

II.     DISCUSSION

   A.     Exhaustion

The petition should be dismissed because Petitioner has not exhausted state court remedies. Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), federal courts do not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures. Santiago-Lugo v. Warden,

785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case); Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (noting applicability of exhaustion requirement to § 2241 petition challenging pretrial detention). "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process." Cherry v. Powell, No. 3:21cv1226, 2021 WL 5762774, at *2 (N.D. Fla. Nov. 3, 2021) (collecting cases and citations omitted), *adopted by* 2021 WL 5760438 (N.D. Fla. Dec. 3, 2021). Put differently, the exhaustion doctrine prevents "pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes, absent a petitioner's exhaustion of his state court remedies." Turner v. Morgan, No. 3:12cv188, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), *adopted by* 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citing Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 493 (1973)).

Nothing in Petitioner's filings suggests he has been prevented from asserting his current claims in the Georgia state courts. Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts and/or Petitioner's ongoing state proceedings are available for Petitioner to raise claims concerning his pretrial detention and pending prosecution. See Mullinax v. State, 515 S.E.2d 839, 840 (Ga. 1999) (considering appeal of criminal defendant's denied motion to reduce bond and habeas corpus petition); Bozzuto v. State, 276 Ga. App. 614, 616 (2005) (explaining "an appropriate remedy for improper pretrial detention is habeas corpus" and citing to Georgia Supreme Court cases deciding state habeas corpus issues); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions). Specific to

3

Petitioner's concerns about being detained without bond, the Georgia courts also recognize the requirement for timely setting bond, provide procedures for appealing a trial court's failure to timely set bond, and routinely handle such requests. See Tatis v. State, 716 S.E.2d 203, 205 (Ga. 2011); Rawls v. Hunter, 475 S.E.2d 609, 609-10 (Ga. 1996); see also Rainwater v. Langley, 587 S.E.2d 18, 20 (Ga. 2003) ("Under O.C.G.A. § 17-7-50, bail must be set by the trial judge if a person is arrested and incarcerated for more than 90 days without bail *and* without indictment."). Therefore, the Court concludes Petitioner has not satisfied the exhaustion requirement.

### B.     Younger Abstention

The petition is also due to be dismissed because this Court should not interfere with Petitioner's ongoing state prosecution. The Supreme Court has repeatedly ruled that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger v. Harris, 401 U.S. 37 (1971)). There are three exceptions to this rule that warrant federal court intervention: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Cherry, 2021 WL 5762774, at *3 (citing Younger, 401 U.S. at 45).

None of the three exceptions to the Younger doctrine apply to Petitioner's case. Although Petitioner alleges he has been held "in pretrial detention without an indictment or a bond for over 125 days," (doc. no. 1, pp. 6-7), Petitioner has not argued his state proceedings are motivated by bad faith, let alone provided "substantial allegations" with evidentiary support for any such claim. See Younger, 401 U.S. at 48-49 (noting allegations in previously decided case granting injunction were "substantial" and explaining bad faith prosecutions are

4

brought without an intention of obtaining a conviction or for harassment).  Nor has Petitioner made any viable allegation of irreparable injury.  See id. at 53-54 (finding irreparable injury if statute of prosecution is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or other unusual circumstances require equitable relief).  Finally, Petitioner's ongoing state proceedings provide an adequate state forum where any constitutional issues can be raised.  Therefore, the Court should abstain from reaching the merits of Petitioner's § 2241 petition.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of July, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA